# In the United States Court of Federal Claims
### (Pro Se)

| | |
|---|---|
| JASON R. PORTER,  ) | |
| ) | |
| Plaintiff,  ) | No. 23-1552C |
| ) | (Filed: September 28, 2023) |
| v.  ) | |
| ) | |
| THE UNITED STATES OF AMERICA,  ) | |
| ) | |
| Defendant.  ) | |

## OPINION AND ORDER

**KAPLAN, Chief Judge.**

      Jason R. Porter, proceeding pro se, commenced this action on September 7, 2023. See Compl., Docket No. 1. He is incarcerated in a county correctional facility in New York. See id. He alleges that he suffered cruel and unusual punishment in contravention of the Eighth Amendment of the U.S. Constitution when the facility's "mental health staff . . . breached its duty of care" by confining him in a "High Classification Behavior Modification Housing Unit" beyond the date he was scheduled to be released from the unit. Id. at 1, 3. As explained below, the Court lacks jurisdiction over these claims. Mr. Porter's case must therefore be **DISMISSED**.[1]

## DISCUSSION

      Jurisdiction is a threshold matter. Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94–95 (1998). The Court may raise the issue on its own at any time. Folden v. United States, 379 F.3d 1344, 1354 (Fed. Cir. 2004). When doing so, the Court must "accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff." Trusted Integration, Inc. v. United States, 659 F.3d 1159, 1163 (Fed. Cir. 2011).

---

[1] Mr. Porter filed an application to proceed in forma pauperis ("IFP"). Docket No. 2. To proceed in forma pauperis, a prisoner must submit an affidavit that includes a statement of his assets and a declaration that he is unable to pay the court's filing fees, as well as "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(1)–(2). Mr. Porter satisfied these requirements and demonstrated that he is unable to pay the fees for this case. See Docket No. 2. His IFP application is therefore **GRANTED**.

Further, while it is well established that complaints filed by pro se plaintiffs are held to "less stringent standards than formal pleadings drafted by lawyers," Haines v. Kerner, 404 U.S. 519, 520 (1972), even pro se plaintiffs must persuade the Court that jurisdictional requirements have been met, Harris v. United States, 113 Fed. Cl. 290, 292 (2013). If the Court determines that it lacks jurisdiction, it must dismiss the case pursuant to Rule 12(h)(3) of the Rules of the Court of Federal Claims.

The jurisdiction of the Court of Federal Claims is prescribed by the Tucker Act, which authorizes it "to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a). The Tucker Act serves as a waiver of sovereign immunity and a jurisdictional grant, but it does not create a substantive cause of action. Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin., 525 F.3d 1299, 1306 (Fed. Cir. 2008). A plaintiff must therefore establish that "a separate source of substantive law . . . creates the right to money damages." Id. (quoting Fisher v. United States, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc in relevant part)).

Mr. Porter's claims fall outside this Court's jurisdiction. He asserts claims against the staff of a county correctional facility. See Compl. at 1–3. The Tucker Act, however, confers jurisdiction over claims against the United States only. United States v. Sherwood, 312 U.S. 584, 588 (1941); see also Trevino v. United States, 557 F. App'x 995, 998 (Fed. Cir. 2014) ("[T]he court lacks jurisdiction over . . . claims against states, localities, state and local government officials, state courts, state prisons, or state employees.").

Moreover, to the extent Mr. Porter's claims sound in tort, see Compl. at 3 (alleging that the correctional facility's staff was negligent and breached a duty of care), the Tucker Act expressly excludes such claims from this Court's jurisdiction, see 28 U.S.C. § 1491(a)(1) (stating that the "Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States . . . in cases not sounding in tort "); Keene Corp. v. United States, 508 U.S. 200, 214 (1993) (explaining that "tort cases are outside the jurisdiction of the Court of Federal Claims").

The Court likewise lacks jurisdiction over Mr. Porter's claim that correctional facility staff violated his constitutional right to be free from cruel and unusual punishments. See Compl. at 1, 3; Trafny v. United States, 503 F.3d 1339, 1340 (Fed. Cir. 2007) ("The Court of Federal Claims does not have jurisdiction over claims arising under the Eighth Amendment, as the Eighth Amendment is not a money-mandating provision." (internal quotation marks omitted)).

## CONCLUSION

For the foregoing reasons, Mr. Porter's case is **DISMISSED without prejudice** for want of jurisdiction pursuant to Rule 12(h)(3) of the Rules of the Court of Federal Claims. The Clerk shall enter judgment accordingly.

**IT IS SO ORDERED.**

_____

ELAINE D. KAPLAN
Chief Judge